1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESS RICHARD SMITH,

                              Petitioner,

          v.

MELISSA ANDREWJESKI,

                              Respondent.

Case No. C23-1254-JHC-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Jess Smith is currently confined at the Coyote Ridge Corrections Center in Connell, Washington. (*See* dkt. # 7-1 at 1.) Petitioner indicates in his petition that he is seeking to challenge a 1996 judgment and sentence of the King County Superior Court. (*See id*.) The petition has not been served on Respondent. Following a careful review of the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed with prejudice as Petitioner has not identified any cognizable ground for relief in his petition.

//

//

REPORT AND RECOMMENDATION - 1

## II.    DISCUSSION

Petitioner is currently in the custody of the Washington Department of Corrections serving a thirty-two-year sentence under King County Superior Court Case No. 00-1-05900-7. (*See* dkt. # 7-2 at 5-6.) Petitioner seeks to challenge in this action the judgment and sentence entered in King County Superior Court Case No. 95-1-04792-7. (Dkt. # 7-1 at 1.) As to the challenged judgment, Petitioner indicates in his petition that he was sentenced in February 1996 to a 2.25-month term of imprisonment following his *Alford* plea to a charge of attempted first degree theft. (*See id.*) Petitioner further indicates that he seeks to challenge his 1996 judgment on the grounds that: (1) his *Alford* plea was rendered involuntary by a subsequent change in the law; and (2) there was an insufficient factual basis for his plea to the attempted first-degree theft charge. (*See* dkt. ## 7-1 at 5, 7, 7-2 at 6-9.)

Subject matter jurisdiction under § 2254 is limited to those persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994). Once a petitioner's sentence has fully expired, he is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas review. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). However, when a habeas petitioner is in custody as a result of a subsequent conviction, and an expired conviction has been used to enhance the petitioner's current sentence, the petitioner is "in custody" with respect to the subsequent conviction for purposes of federal habeas review. *See id.* at 492-93; *Brock*, 31 F.3d at 889-90.

Petitioner does not claim to be in custody with respect to the conviction he seeks to challenge in this action and, indeed, King County Superior Court records make clear that Petitioner's 1996 conviction has fully expired. *See State of Washington v. Jess Richard Smith*, No. 95-1-04792-7, *available at* https://dja-prd-ecexap1.kingcounty.gov. Petitioner asserts

REPORT AND RECOMMENDATION - 2

instead, albeit in a conclusory fashion, that his conviction in Case No. 95-1-04792-7 was used to enhance his current sentence. (Dkt. # 7-2 at 5-6.) There is insufficient information in the record for the Court to adequately assess whether Petitioner's 1996 judgment did, in fact, affect his current sentence. However, accepting as true Petitioner's assertion that his attempted first-degree theft conviction served to enhance the sentence he is currently serving, this Court is obliged to construe Petitioner's petition as a challenge to his current confinement as enhanced by his previous conviction. *See Maleng*, 490 U.S. at 493-94; *Brock*, 31 F.3d at 890. Thus, the Court proceeds on the assumption that Petitioner is in custody for purposes of federal habeas review.

This, however, does not end the inquiry. Assuming Petitioner to be in custody for purposes of federal habeas review, the next question the Court must address is the extent to which his expired conviction may be subject to challenge in an attack on his current confinement. In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), the United States Supreme Court held as follows:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id*. at 403-404 (internal citation omitted). The Supreme Court did recognize an exception to the general rule precluding habeas review for instances where the habeas petition challenges an enhanced sentence on the grounds that "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)." *Lackawanna*, 532 U.S. at 405.

REPORT AND RECOMMENDATION - 3

Exhibits submitted by Petitioner in support of his petition clearly demonstrate that his 1996 conviction is no longer open to direct or collateral attack in the state courts as Petitioner attempted to pursue state court remedies related to that conviction in 2022-23 but did so unsuccessfully. (*See* dkt. # 7-2 at 65-70.) Petitioner's 1996 conviction may therefore be regarded as conclusively valid. Petitioner does not allege a complete denial of counsel in the proceedings which led to the entry of his challenged plea and, thus, to his 1996 conviction. Accordingly, Petitioner may not pursue his challenges to his 1996 conviction in this federal habeas proceeding.

### III.    CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

### IV.    CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's federal habeas petition (dkt. # 7-1), and this action, be dismissed with prejudice, and that Petitioner's application to proceed *in forma pauperis* (dkt. # 7) be denied as moot. The Court further recommends that a

certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 20, 2023**.

DATED this 26th day of September, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5